IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CV-653-BO

| | |
|---|---|
| DALLAS GRAY EVERETTE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

This matter comes before the Court on defendant's motion to dismiss, made pursuant to Rule 12 of the Federal Rules of Civil Procedure, and plaintiff's motion for summary judgment. [DE 13, 19]. Both motions are ripe for adjudication. For the reasons stated below, defendant's motion to dismiss is granted and plaintiff's motion is denied.

BACKGROUND

The plaintiff, Dallas Everette, honorably served in the U.S. Army from January 4, 1977 through December 10, 1997. He retired due to permanent disability after undergoing surgery at Womack Army Medical Center at Fort Bragg, North Carolina in 1996.

On October 1, 2014, plaintiff filed a Claim for Damage, Injury or Death ("SF-95 form") with the Department of Veterans Affairs ("VA") Regional Counsel at Winston Salem, North Carolina. [DE 14-1 at 2]. Plaintiff claimed damages of thirty-five million dollars ($35,000,000) alleging as a basis for the claim in relevant part "pain and suffering from medical procedure 1996," among other bases such as a "tort violation due process remand," a "userra retraining act" violation, "violation of staff to document remand into e-benefits," and losses stemming from "financial hardship" and "school training" plus "a neglectful act of retaliation.". *Id.* When asked

to state the nature and extent of his injury on the form, plaintiff wrote: "After the medical procedure, the medical surgery had caused severe damage the veteran, Dallas Everette's left ankle that, it would not heal" [sic]. *Id.*

On December 14, 2015, plaintiff, proceeding *pro se*, filed an initial complaint with this Court. Plaintiff retained counsel and was given leave to file an amended complaint. After filing of the second amended complaint counsel was allowed to withdraw and plaintiff has again proceeded *pro se*. Plaintiff's second complaint raised only a claim of medical malpractice under the Federal Tort Claims Act on the part of VA medical staff for damages due to pain and suffering stemming from a violation of the standard of care on the part of doctors to diagnose and treat plaintiff's right knee. Plaintiff specifically stated that there was "a complete failure to treat his right knee and this failure was below the appropriate standard of care." [DE 11 at 5].

## DISCUSSION

Defendant has moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

2

The Federal Tort Claims Act ("FTCA") provides the sole waiver of sovereign immunity for tort actions against the United States. 28 U.S.C. §§ 1346 and 2671 *et seq*. The FTCA provides for monetary compensation when a government employee, acting within the scope of employment, injures another by a negligent or wrongful act or omission. Under the FTCA, no action shall be instituted against the United States on a claim for damages for injury caused by an employee acting within the scope of her employment unless the claimant "shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing sent by certified or registered mail." 28 U.S.C. § 2675(a); *Drew v. United States*, 217 F.3d 193, 196–97 ("the FTCA prohibits the filing of a civil action against the Government unless the underlying claim is 'first presented' to the appropriate federal agency and subsequently denied."), *aff'd en banc*, 231 F.3d 927 (4th Cir. 2000). The terms of the FTCA are jurisdictional prerequisites to the filing of a lawsuit against the United States. *Drew*, 217 F.3d at 196–97 (When a FTCA claim is not "first presented to the appropriate agency, the district court must, pursuant to Fed. R. Civ. P. 12(b)(1), dismiss the action for want of subject matter jurisdiction."); *Plyer v. United States*, 900 F.2d 41, 42 (4th Cir. 1990).

Plaintiff raised a slew of tort claims before the Department of Veterans Affairs, but the basis of his second amended complaint—medical malpractice on the part of VA officials for failing to diagnose and treat his right knee injury—was not asserted in his administrative claim. In his SF-95 form, plaintiff stated as the basis of his claim in relevant part "pain and suffering from medical procedure 1996." [DE 14-1 at 1]. When asked to state the nature and extent of his injury on the form, plaintiff wrote: "After the medical procedure, the medical surgery had caused severe damage the veteran, Dallas Everette's left ankle that, it would not heal." *Id.* In an attachment titled "Summery of Relief" [sic] plaintiff additionally enumerated damages from

3

several injuries and complaints with VA staff, but as far as medical malpractice was concerned, plaintiff stated his injuries only as "loss of military career medical surgury," "life of pain from unhealed ankle surgury" [sic], and "tort unhealed injury pain and suffering." *Id.* at 4. Plaintiff's only mention of a problem with his right knee was later in the factual narrative portion of his complaint, but there the right knee was discussed only in the context of plaintiff's dispute with the VA over his disability rating. General allegations of pain and suffering or a claim of medical negligence during a *left ankle* surgery are separate and distinct from plaintiff's present claim of medical negligence in the diagnosis and treatment of his *right knee*. Therefore, because this present claim was not raised before the agency in order to allow it an opportunity for review as required by the FTCA, this Court has no jurisdiction to review plaintiff's second amended complaint.

This Court further lacks jurisdiction to hear plaintiff's claim because it was incident to military service. Plaintiff alleges, as the basis of his tort claim, that the "VA Medical Clinic failed to examine, diagnose, and treat plaintiff's right knee as a service related injury even though his medical records showed that he had the disability prior to discharge from the United States Army." [DE 11 at 3]. Under *Feres v. US*, the U.S. government is not liable under the FTCA for injuries to servicemen out of or in the course of activity incident to military service. 340 U.S. 135 (1950). Because it acts as a constraint of the already narrow waiver of sovereign immunity given by the FTCA, the *Feres* doctrine is jurisdictional and claims within its scope are claims that this Court has no jurisdiction to hear. *See, e.g., Wake v. United States*, 89 F.3d 53, 57 (2d Cir. 1996) ("Because the *Feres* doctrine concerns the waiver of sovereign immunity, a question of whether a FTCA claim is barred by *Feres* is necessarily one of jurisdiction." (internal citation removed); *Brown v. United States*, 151 F.3d 800, 803–04 (8th Cir. 1998). Though

4

indeterminate from the pleadings, to the extent that plaintiff's injuries arise from his surgery at Fort Bragg in 1996 during his service with the Army, there is no claim under the FTCA for this Court to hear. *Appelhans v. United States*, 877 F.2d 309, 310 (4th Cir. 1989) ("as a general rule, injuries sustained as a result of medical treatment at military facilities are 'incident to service'" for the purposes of applying the *Feres* doctrine).

Finally, the Court recognizes that it lacks jurisdiction to hear appeals of benefits determinations granted to veterans under the Veterans Judicial Review Act. 38 U.S.C. § 511(a). Such determinations are conferred solely upon the Secretary of Veterans' Affairs, with administrative appeal lying with the Board of Veterans' Appeals, then the Court of Appeals for Veterans' Claims, and finally to the US Court of Appeals for the Federal Circuit. *Butler v. United States*, 702 F.3d 749, 753 (4th Cir. 2012). The defendant argues that "[t]hough plaintiff has couched his claims under the guise of a medical malpractice action, plaintiff has only alleged that a failure to appropriately rate his right knee disability resulted in what amounts to medical negligence that resulted in a denial of disability." [DE 14 at 10]. To the extent that plaintiff claims damages that are due to inadequate vocational rehabilitation or insufficient service-connected compensation benefits, this Court has no jurisdiction to review such determinations and the FTCA provides no vehicle for redress of those complaints.

For these reasons, the Court finds that it lacks subject matter jurisdiction over plaintiff's claims. Because the Court lacks jurisdiction, it declines to consider the remainder of defendant's arguments or the plaintiff's motion for summary judgment.

5

## CONCLUSION

Defendant's motion to dismiss [DE 13] is GRANTED, and plaintiff's motion for summary judgment [DE 19] is DENIED. The Clerk is DIRECTED to enter judgment accordingly and to close the file.

SO ORDERED, this _26_ day of September, 2016.

TERRENCE W. BOYLE  
UNITED STATES DISTRICT JUDGE